JACOB MYERS' ADMR. *v.* JAMES BOSLEY.

[Abstract Kentucky Law Reporter, Vol. 4—351.]

**Possession of Notes Belonging to An Estate.**

One in possession of notes which do not belong to him but which belong to an estate in a suit by the estate to recover them should not be permitted to set off a claim he thinks he has for services rendered the decedent.  He should first have been compelled to pay over to the administrator these assets and then he should be required to prove his claim against the estate.

APPEAL FROM NICHOLAS CIRCUIT COURT.

October 21, 1882.

OPINION BY JUDGE HINES:

This is an action by appellant as administrator of Jacob Myers to recover of appellee two promissory notes of $1,000 each, executed by appellee to Jacob Myers, and wrongfully in the possession of appellee, and for judgment for those sums. Appellee's defense is that in consideration of certain services performed by him for Jacob Myers and his wife, Myers surrendered the notes to him as satisfied. The notes were given for the purchase of a tract of about one hundred acres of land sold by Myers to the appellee in 1875. Appellee and his wife, who is a daughter of Myers, resided with Myers, occupying the same house from the year 1866 up to the death of Myers in 1877, Mrs. Myers having died in 1874. The evidence shows that appellee took possession of these notes of Myers after his death from among the other notes of Myers. There is no evidence of any gift made effectual by delivery during the lifetime of Myers, without which there could be no gift and without which appellee is wrongfully in possession of the notes. The whole of the estate of Myers, not including these notes, was about $1,200. The proof showed that appellee performed services in caring for Mrs. Myers, but the fact that she died a year before the purchase of the land and before the execution of the notes raises a strong presumption that appellee held no claim at that time against Myers for such services. But, however that may be, the proof does not authorize the finding that the services were equal in value to the amount called for by the two notes. Appellee being wrongfully in the possession of the two notes which are assets of the estate, he ought not to have been allowed to set up his claim for services in a suit to recover on the notes. He should have been first compelled to pay over to the administrator these assets and then been required to prove his claim against the estate. The proof does not sustain the plea of accord and satisfaction.

Judgment *reversed* and cause remanded with directions to render judgment for the amount of the two notes and dismiss appellee's claim without prejudice to its further assertion.

Chief Justice Hargis not sitting.

*William Lindsay, Hargis & Norvell.* for appellant.

*J. H. Halladay, for appellee.*